UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY PATRICK LIPSEY,

    Plaintiff,

v.                                                                 Case No. 1:09-cv-1161
                                                                 Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

        Plaintiff was born on June 11, 1959 and possesses a GED (AR 68, 104).[1] He alleged a disability onset date of January 1, 1994 (AR 104). Plaintiff had previous employment as an infantry crew member in the army, a kitchen helper and a general laborer (AR 26). Plaintiff identified his disabling conditions as nightmares, problems walking, severe pain in his head, migraines, dizziness, difficulty breathing, and pain in the chest, lower back and knees (AR 179). Plaintiff also identifies anomalies indicated by x-rays of his knees and chest (AR 179). An Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on March 31, 2009 (AR 37-43). This decision, which was later approved by the

---

[1] Citations to the administrative record will be referenced as (AR "page #").

Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.[2]

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

---

[2] The court notes that plaintiff also filed a Supplemental Security Income (SSI) claim on January 7, 2007, which was denied (AR 96, 111-13). However, plaintiff's administrative appeal was limited to the denial of his DIB claim, which was the only claim addressed in the ALJ's decision (AR 37-43, 46).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not

disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the first step of the evaluation. The ALJ initially found that plaintiff has not engaged in substantial gainful activity since January 1, 1994, the alleged onset date of disability, and that he was insured for DIB through September 30, 2000 (AR 39). Second, the ALJ found that plaintiff had the following medically determinable impairments:

> history of bipolar disorder and anxiety (per Veterans Administration records without objective evidence to support), multiple complaints of musculoskeletal problems, diabetes mellitus on insulin, and obesity.

(AR 39). The ALJ found that plaintiff's bipolar disorder was documented on September 6, 1995 (AR 39). Then, on April 8, 1999, the Veterans Administration (VA) "found 100% service-connected disability secondary to paranoid schizophrenia as of June 1, 1994" (AR 39). On September 29, 1999, plaintiff was given a back support (AR 39).

The ALJ, however, found that plaintiff did not have a severe impairment, stating that he "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months" and "has no severe impairment or combination of impairments within the meaning of the Regulations," citing 20 C.F.R. § 404.1521. Accordingly, the ALJ determined that plaintiff was not under a disability as defined in the Social Security Act from January 1, 1994, through the date of the decision (March 31, 2009) and entered the decision denying benefits (AR 42-43).

4

## III. ANALYSIS

This matter involves an appeal for DIB with an alleged disability onset date of January 1, 1994 and a last insured date of September 30, 2000. Plaintiff, proceeding *pro se*, has submitted various papers which the court construes as his brief and reply brief. After reviewing these documents, and considering the relevant time period for this appeal, the court has gleaned two arguments on review. First, that plaintiff has a severe impairment. Second, the VA determined that plaintiff was 100% disabled in 1999. Third, plaintiff has new evidence of his disabling condition.

### A. Severe impairment

Plaintiff's DIB claim was denied because he failed to establish that he suffered from a "severe impairment" at step two of the sequential evaluation. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). Under the Social Security Act, a disability is defined as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The ALJ considered factors set forth in 20 C.F.R. § 404.1521 (AR 40-41), which identifies "non-severe" impairments as follows:

> (a) Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>
> (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521.

In finding that plaintiff had no severe impairments, the ALJ found, among other things: that there was no medical opinion stating plaintiff was unable to work; that plaintiff never underwent any physical therapy or rehabilitative therapy; that plaintiff has received routine and conservative treatment in the form of pain medications; that there was infrequent treatment and gaps in treatment; that progress notes "mainly documented diagnoses with minimal treatment in 2001;" that there was no report of persistent pain; and, that "[t]here was no evidence from the 1990's to support diagnosis of paranoid schizophrenia -- the condition claimant was awarded benefits for through the VA or bipolar disorder diagnosis (AR 41). The ALJ further noted that the medical expert testified by telephone that plaintiff's impairments did not meet or equal any listing, apparently due to insufficient medical evidence (AR 42).

The court concludes that the ALJ's decision did not adequately address the denial of benefits at step two of the sequential evaluation. The determination of a severe impairment at step two is used as an "administrative convenience to screen out claims that are totally groundless solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 862-63 (6th Cir. 1988).

> [I]n this Circuit the step two severity regulation codified at 20 C.F.R. §§ 404.1520(c) and 404.1521 has been construed as a *de minimis* hurdle in the disability determination process. Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.

*Id.* at 862. "Under this standard, the question in the present case is whether there is substantial evidence in the record supporting the ALJ's finding that [plaintiff] has only a 'slight' impairment that does not affect [his] ability to work." *Farris v. Secretary of Health and Human Services*, 773 F.2d 85, 90 (6th Cir. 1985).

The court concludes that the ALJ's finding is not supported by substantial evidence. Plaintiff provided the agency with documentation from the VA which indicated the existence of a severe mental impairment. This documentation included: a letter from the VA dated March 28, 2002 to United States Senator Bill Nelson of Florida advising that, based on medical evidence, plaintiff was rated incapable of managing his financial affairs as of March 26, 1996; a letter from the VA dated May 15, 1996, advising plaintiff that he was not competent to ably manage his VA benefits (arising from an August 11, 1995 report showing bipolar disorder); a letter from the VA dated May 24, 1996 advising plaintiff's custodian of increased service-connected disability benefits payable to plaintiff commencing June 1, 1994; a letter from the VA dated April 8, 1999, advising plaintiff's custodian that plaintiff's service-connected condition of paranoid schizophrenia and 100% disability remained unchanged; and, a letter from the VA dated August 11, 1999 certifying that plaintiff was an honorably discharged veteran of the U.S. Army with a service-connected disability evaluated at 100 percent (AR 215, 217-20).

Under the regulations, the ALJ is not bound to accept the disability ratings made by the VA. Specifically, 20 C.F.R. § 404.1504 provides in pertinent part that:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based upon its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

While a VA disability rating is not binding on the ALJ, it is entitled to some weight. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) ("[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ"); *Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984) (noting that the record contained a Veterans Administration insurance disability award marked "total disability").

Here, the ALJ was presented with evidence that the *pro se* plaintiff had been deemed disabled by the VA since June 1, 1994, that he had a recognized history of bipolar disorder, that the VA deemed plaintiff incompetent to manage his benefit award since 1996, and that the VA deemed plaintiff 100% disabled due to paranoid schizophrenia since at least April 8, 1999. These determinations, albeit made by a different governmental agency, appear to demonstrate that plaintiff had a type of severe mental impairment sufficient to satisfy the "*de minimis* hurdle" posed by step two of the sequential evaluation. *Higgs*, 880 F.2d at 862.

The ALJ points out that the VA records lacked supporting evidence. Indeed, the court notes that the lack of medical records was a recurring theme in this decision. The agency physician, Weicher van Houten, M.D., could not complete a psychiatric review technique form on March 7, 2007, due to insufficient medical evidence before the last insured date of September 30, 2000 (AR 192-204). Similarly, it appears that the agency's physical residual functional capacity assessment form was only informational due to lack of medical records for the relevant time period

(AR 206). Finally, the medical expert who testified at the teleconferenced administrative hearing testified that there was a lack of objective findings and insufficient evidence for a "proper assessment" of whether plaintiff met the requirements of a listed impairment or to give an opinion as to plaintiff's RFC (AR 21-24).

Under the circumstances of this case, it appears to the court that the ALJ had a duty to develop the administrative record for this *pro se* plaintiff (who had already been deemed incompetent to handle his VA disability payments). "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). The ALJ has a "special duty" to develop the administrative record and ensure a fair hearing for claimants that are unrepresented by counsel. *See Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986); *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983) (ALJ must scrupulously and conscientiously explore all the relevant facts when adjudicating claims brought by unrepresented claimant).

The VA documents reflect that plaintiff had significant mental impairments since 1999 and a history of treatment with that agency extending back to at least 1994. While plaintiff did not present the underlying medical evidence of this condition to the ALJ prior to the administrative hearing, the record placed the ALJ on notice that such records existed. The record is silent as to the extent to which the agency developed plaintiff's "complete medical history" prior to the hearing as required by 20 C.F.R. § 404.1512(d).[3] In addition, although three medical experts

---

[3] 20 C.F.R. § 404.1512(d) provides in pertinent part as follows:

Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file

9

were unable to render opinions due to insufficient evidence, the ALJ did not recontact the VA to supplement or clarify the evidence regarding plaintiff's bipolar disorder and paranoid schizophrenia, both of which were documented at the VA before his last insured date. *See* 20 C.F.R. § 404.1512(e).[4]

> Under 20 C.F.R. § 404.1512(e), the ALJ generally must recontact the claimant's medical sources for additional information when the record evidence is inadequate to determine whether the claimant is disabled. Put another way, when the ALJ considers an issue that is apparent from the record, he has a duty of inquiry and factual development with respect to that issue.

*Maes v. Astrue*, 522 F.3d 1093, 1097-98 (10th Cir. 2008) (where ALJ found plaintiff not disabled for lack of evidence after noting that the claimant was prescribed medication used to treat depression

---

your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application. We will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports.

[4] 20 C.F.R. § 404.1512(e) provides as follows:

(e) Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.

(1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

(2) We may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings.

prior to her date last insured, but the record did not contain evidence demonstrating that the claimant was treated for depression or another mental illness, the court found that the ALJ had a duty to recontact medical sources to supplement or clarify the evidence concerning claimant's alleged mental impairment).

The ALJ had a special duty to develop the administrative record and ensure a fair hearing for the *pro se* plaintiff, which in this case included the duty of inquiry and factual development with respect to plaintiff's bipolar disorder and paranoid schizophrenia. The ALJ's decision denying benefits at step two of the sequential evaluation is not supported by substantial evidence. Accordingly, this matter should be reversed and remanded pursuant to sentence four of § 405(g). On remand, the Commissioner should obtain copies of plaintiff's treatment with the VA prior to the last insured date of September 30, 2000 and evaluate the medical evidence to determine the extent of plaintiff's mental impairments.

**B.     New evidence to establish the existence a severe impairment**

Plaintiff has submitted several pages of new evidence for consideration by the court. *See* docket no. 9-2. This new evidence consists of: x-ray study of plaintiff's lumbosacral spine (March 11, 2010); x-ray study of plaintiff's knee (March 11, 2010); copies of VA correspondence (March 1, 1996 and April 8, 1999) (these are part of the administrative record, AR 161 and 218); and a record from a sleep medicine clinic (apparently dated February 24, 2009). *Id.*

When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988). Under sentence-six, "[t]he court . . . may at any time order the additional

evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.*

Plaintiff's request for a sentence-six remand should be denied. The VA documents from 1996 and 1999 are not "new evidence," because they were incorporated into the administrative record. The remaining records from 2009 and 2010 are not material for purposes of plaintiff's DIB claim. In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. Plaintiff has not met his burden. While the records from 2009 and 2010 reflect plaintiff's recent condition, the records do not reflect his condition during the time period of plaintiff's DIB claim, i.e., from his alleged disability onset date of January 1, 1994 to his last insured date of September 30, 2000. *See Mingus v. Commissioner*, No. 98-6270, 1999 WL 644341 at *5 (6th Cir. Aug. 19, 1999) (deterioration of plaintiff's eyesight in August 1996 is not relevant to plaintiff's condition as it existed on her last insured date of December 31, 1993); *VanVolkenburg v. Secretary of Health and Human Services*, No. 8-1228, 1988 WL 129913 at *3 (6th Cir. Dec. 7, 1988) (deterioration of plaintiff's condition in 1987 not material to her condition in 1985); *Oliver v. Secretary of Health and*

*Human Services*, 804 F.2d 964, 966 (6th Cir. 1986) (new medical evidence compiled in March 1985 that may show a deterioration in the claimant's condition "does not reveal further information about the claimant's ability to perform light or sedentary work in December 1983"). Accordingly, plaintiff's request for a sentence-six remand to review this new evidence should be denied.

## IV. Recommendation

For these reasons, I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should obtain copies of plaintiff's treatment with the VA prior to the last insured date of September 30, 2000 and evaluate the medical evidence to determine the extent of plaintiff's mental impairments.


Dated: January 24, 2011                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).